# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Michael Buado, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Trans Union, LLC, and Exeter Finance LLC, | **JURY TRIAL DEMAND** |
| Defendants. | |

NOW COMES THE PLAINTIFF, MICHAEL BUADO, BY AND THROUGH COUNSEL, JOON JEONG, ESQ., and for his Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

1

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the city of Stone Mountain, county of DeKalb, Georgia.

4. Venue is proper in the Northern District of Georgia, Atlanta Division.

## PARTIES

5. Plaintiff is a natural person residing in the city of Stone Mountain, county of DeKalb, Georgia.

6. Defendants to this lawsuit are:

    a. Trans Union, LLC ("Trans Union") is a foreign limited liability company that conducts business in the State of Georgia;

    b. Exeter Finance LLC ("Exeter") is a foreign limited liability company that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

7. Exeter is reporting its bogus tradeline ("Bogus Tradeline") with an opened date of January 2022 on Plaintiff's Trans Union credit disclosure.

8. The account reflected by the Bogus Tradeline does not belong to Plaintiff as he is a victim of identity theft. Plaintiff does not owe this debt.

9. On February 15, 2022, Plaintiff filed an Incident Report with the DeKalb County Police Department documenting the theft of his identity.

10. On September 26, 2022, Plaintiff obtained his Trans Union credit disclosure and noticed the Bogus Tradeline reporting.

11. On or about September 30, 2022, Plaintiff through Credit Repair Lawyers of America submitted a letter to Trans Union disputing the Bogus Tradeline.

12. In his dispute letter, Plaintiff explained that the account reflected by the Bogus Tradeline is fraudulent and does not belong to him as he is a victim of identity theft.  Further, Plaintiff alleged that someone fraudulently used his personal information to obtain a car loan with CarMax, the loan was financed with Exeter.  He attached a copy of the DeKalb County Police Department Incident Report and asked Trans Union to delete the Bogus Tradeline.

13. Trans Union forwarded Plaintiff's consumer dispute to Exeter.

14. Exeter received Plaintiff's consumer dispute from Trans Union.

15. On December 6, 2022, Plaintiff obtained his Trans Union credit disclosure which showed that Trans Union and Exeter failed or refused to delete the Bogus Tradeline.

16. The False Tradeline is false and misleading.  It is also driving the Plaintiff's credit score down, making it harder for him to obtain jobs, housing, and meet living expenses.

17. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*,

Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress, anxiety, depression, agitation, nervousness, anger, frustration, and humiliation due along with loss of sleep, inability to concentrate, pain, headaches, fight with spouse, and chest pains due to the Defendants' failure to correct the error in his credit file and his inability to improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXTER FINANCE LLC

18. Plaintiff realleges the above paragraphs as if recited verbatim.

19. After being informed of Plaintiff's consumer dispute regarding the bogus tradeline, Exeter negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

20. Exeter negligently failed to review all relevant information available to it and provided in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b) and failed to provide the client's credit report.

21. The Bogus Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Trans Union to which it is reporting such tradeline.

22. As a direct and proximate cause of Exeter's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

23. Exeter is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

24. Plaintiffs have a private right of action to assert claims against Exeter arising under 15 U.S.C. § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Exeter for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXTER FINANCE LLC**

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. After being informed that Plaintiff disputed the accuracy of the information it was providing, Exeter willfully failed to conduct a proper reinvestigation of Plaintiff's dispute and willfully failed to provide the client's credit report as requested.

27. Exeter willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 U.S.C. § 1681s-2(b).

28. As a direct and proximate cause of Exeter's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

29. Exeter is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Exeter for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

30. Plaintiff realleges the above paragraphs as if recited verbatim.

31. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

34. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

35. Trans Union negligently failed to maintain and/or reasonable procedures to assure the maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

36. After receiving Plaintiff's consumer dispute to the Bogus Tradeline, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

37. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

38. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

    **WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

41. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

42. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure the maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

43. After receiving Plaintiff's consumer dispute to the Bogus Tradeline, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

44. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

45. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.


DATED: December 16, 2022

By: */s/ Joon Jeong*
Joon Jeong
GA Bar Number 482317
1295 Old Peachtree Road, Suite 250
Suwanee, GA 30024
Telephone: 678-691-7905
Facsimile: 866-695-5440
E-Mail: info@jjeonglaw.com
*Attorney for Plaintiff,*
*Michael Buado*